UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20800-Civ-COOKE/TURNOFF

ELITE FLORAL AND PRODUCE, LLC )
a Delaware limited liability company; )
EYAL BALVA, a Maryland Resident; and )
SIGAL BALVA, a Maryland Resident, )
                                     )
         Plaintiffs,                 )
                                     )
vs.                                  )
                                     )
EXOTIC BLOOMS CORPORATION,           )
a Florida corporation; and BALAGAN,  )
LLC, a Florida limited liability company, )
                                     )
         Defendants.                 )
                                     )
_____)

**MOTION OF COUNTER-PLAINTIFFS FOR ORDER EXPEDITING
EVIDENTIARY PRELIMINARY INJUNCTION HEARING, EXPEDITING DISCOVERY
AND PRESERVING EVIDENCE, INCORPORATING MEMORANDUM OF LAW**

Defendants and counter-plaintiffs, Exotic Blooms Corporation ("Exotic Blooms"), Balagan, LLC, ("Balagan"), move on an expedited basis for the Court to promptly schedule an evidentiary hearing on the motion for preliminary injunction filed on March 16, 2012 (D.E. 9), to order the preservation of evidence and to grant expedited discovery in anticipation of the evidentiary hearing on the preliminary injunction motion. As good cause support for the granting of the relief requested, Exotic Blooms and Balagan submit as follows:

1.     Plaintiffs, Eyal Balva ("Eyal"), Sigal Balva ("Sigal") and Elite Floral and Produce, LLC ("Elite") filed an action against defendants, *inter alia,* for breach of contract, to cancel the security for debts owed, an accounting, for injunctive relief and

Case 1:12-cv-20800-MGC   Document 10   Entered on FLSD Docket 03/21/2012   Page 2 of 18

*Motion for Order Expediting*
*Preliminary Injunction Hearing,*
*Discovery and Preserving Evidence*
*Case No. 12-20800-Civ.-Cooke/Turnoff*
*Page **2** of 18*

for declaratory relief. (D.E. 1). As more fully set forth in the counterclaim (D.E. 7), and Exotic Blooms' motion for preliminary injunction (D.E. 9), plaintiffs are not the aggrieved parties here.

2. Rather, within a month and a half of having secured the assets of two flower distribution companies, owned by Eyal's older brother, Yehuda Balva ("Yehuda"), Eyal defaulted on the Agreement by failing to pay for floral product supplied by Exotic Blooms. Even more, Eyal seeks to destroy Exotic Blooms by violating the Agreement's covenant not to compete. The Agreement prohibits Eyal and his company Elite from circumventing Exotic Blooms and poaching the long-term flower suppliers of Exotic Blooms in Ecuador, Colombia, Costa Rica and Mexico. (Declaration of Yehuda Balva, Exhibit 1, ¶¶ 17 - 25). Eyal is soliciting and, on information and belief, has already obtained floral product from suppliers of Exotic Blooms, in direct violation of the covenant not to compete. (Exhibit 1, ¶¶ 21 – 23).

3. As set forth in Exotic Blooms' motion for preliminary injunction and accompanying materials (D.E. 9), irreparable harm will occur if Eyal and Elite are not stopped from violating the non-compete covenant. Consequently, Exotic Blooms requests an expedited hearing.

4. If not stopped now, through prompt injunctive relief, Exotic Blooms will be irreparably harmed, since it will ruin Exotic Blooms' upcoming 2012 Mother's Day season which along with Valentine's Day, are the two "peak" seasons in the fresh-cut

Case 1:12-cv-20800-MGC   Document 10   Entered on FLSD Docket 03/21/2012   Page 3 of 18

*Motion for Order Expediting*
*Preliminary Injunction Hearing,*
*Discovery and Preserving Evidence*
*Case No. 12-20800-Civ.-Cooke/Turnoff*
*Page **3** of 18*

flower industry. Elite and Eyal have already destroyed Exotic Blooms' Valentines' Day season by keeping most of the money owed. (Exhibit 1, ¶ 20; Exhibit 2).

5. Moreover, Exotic Blooms understands that as this motion is being filed, Eyal is traveling to Ecuador to not only solicit Exotic Blooms' suppliers in person, but also to recruit Exotic Blooms' employee who handles the suppliers in Ecuador.

6. Counter-plaintiff Exotic Blooms requests a preliminary injunction hearing on an expedited basis to prevent further irreparable harm. (D.E. 9).

7. To prepare for the preliminary injunction hearing, counter-plaintiff requests limited expedited discovery relating to Eyal's and Elite's violation of the covenant not to compete, including narrow requests to produce (Exhibit 3) and taking of the depositions of Eyal and Yousef Hassouneh (the chief financial officer of Elite), and local providers showing Elite's violation of the covenant not to compete.

8. Further, counter-plaintiffs seek the entry of an order preserving evidence because while under Eyal's and Elite's control, paper and electronic documents of the Maryland distribution companies, Flowers by Daniel, LLC ("FBD") and Exotic Flowers Worldwide, LLC ("Worldwide") have systematically destroyed or discarded evidence relevant to this case. These documents are relevant to Eyal and Elite's breaches under the Agreement, in the counterclaim, as well as their claim for rescission. (D.E. 1, Count VII; D.E. 7, Count I). Consequently, entry of a preservation order is requested to prevent future destruction of evidence.

Case 1:12-cv-20800-MGC   Document 10   Entered on FLSD Docket 03/21/2012   Page 4 of 18

*Motion for Order Expediting*
*Preliminary Injunction Hearing,*
*Discovery and Preserving Evidence*
*Case No. 12-20800-Civ.-Cooke/Turnoff*
*Page **4** of 18*

9. As set forth in the Declarations of David Amsalem Shalev ("Amsalem"), the Vice-President of Operations for Exotic Blooms, and Robert D. Moody ("Moody"), a computer forensics expert, the electronic and paper documents of the Maryland distribution corporations FDB and Worldwide previously managed by Eyal have been systematically discarded, removed or scrubbed from the corporations' premises and computers. (Exhibits "4" and "5"). These documents are necessary to prove damages under the Agreement, the extent of misappropriation of funds at the Maryland operations and also to determine the amount of benefits that have to be restored to Defendants to obtain a remedy of rescission as pled by Plaintiff. (D.E. 1, Count VII).

10. The electronic documents were destroyed shortly before the computers' delivery to Exotic Blooms on January 15, 2012, while in the possession of Elite and Eyal. The paper documents were either removed from the Maryland warehouse of FBD and Worldwide or discarded on November 29, 2011 or December 1, 2011. These documents are essential to proving damages under the Agreement and to prove breaches of fiduciary duty in the Maryland distribution companies.

11. Because Eyal, Elite and others have shown a penchant towards destruction of evidence, an order preserving evidence and expediting discovery on the destruction of evidence is also appropriate. (Exhibit 6 – Proposed Preservation Order).

WHEREFORE, for the foregoing reasons and those set forth in the memorandum below, defendants/counter-plaintiffs request that the Court enter an order setting the evidentiary hearing on the motion for preliminary injunction on an expedited basis,

Case 1:12-cv-20800-MGC   Document 10   Entered on FLSD Docket 03/21/2012   Page 5 of 18

*Motion for Order Expediting*
*Preliminary Injunction Hearing,*
*Discovery and Preserving Evidence*
Case No. 12-20800-Civ.-Cooke/Turnoff
*Page **5** of 18*

granting expedited discovery on the violation of the covenant not to compete and the destruction of evidence, and enter an order preserving evidence.

### MEMORANDUM OF LAW IN SUPPORT OF MOTION

**I.  Facts Supporting Setting of an Evidentiary Hearing on Preliminary Injunction, Expedited Discovery and the Entry of an Order on Preservation of Evidence.**

Plaintiffs initiated this action against defendants for breach of agreement, breach of the implied duty of good faith and fair dealing, an action to cancel the initial deed, the final Maryland deed, an accounting, injunctive relief, declaratory relief, and rescission (in the alternative). (D.E. 1).  Suit was filed by the plaintiffs on February 28, 2012.  The suit was served on the defendants on February 29, 2012.  The defendants have since filed an answer (D.E. 6), a counterclaim for damages, injunctive relief, foreclosure of security interests, declaratory relief, and the appointment of a receiver (D.E. 7), and a motion for preliminary injunction.  (D.E. 9).

Exotic Blooms is an international importer, seller and distributor of flowers and floral products, and is owned by Yehuda Balva.  Yehuda Balva also owns FBD and Worldwide, which were set up to distribute mostly Exotic Blooms' products in the Washington, D.C. area.  Mr. Balva is the older brother of Eyal.  For the past six years, Eyal had served as the exclusive manager operator of FBD and Worldwide in Maryland due to Yehuda Balva's bout with cancer.  (Declaration of Yehuda Balva, Exhibit 1, ¶¶ 1 - 8).

*Motion for Order Expediting*
*Preliminary Injunction Hearing,*
*Discovery and Preserving Evidence*
*Case No. 12-20800-Civ.-Cooke/Turnoff*
*Page 6 of 18*

During the last half of 2011, Yehuda Balva's cancer went into remission and he was able to pay closer attention to his business. (Exhibit 1, ¶¶ 9 – 14). As set forth in the counterclaim (D. E. 7), the motion for injunctive relief (D.E. 9), and the Declaration of Yehuda Balva, Exhibit 1, Eyal and Elite are in various defaults of the December 29, 2012 Agreement, including: solicitation of suppliers of Exotic Blooms in violation of the covenant not to compete (D.E. 7, Count I [Section 4 of Agreement]), failure to timely pay for Valentine's Day floral products under the Agreement (Id., Section 9 of Agreement), failure to provide reports and other information on accounts receivable (to prevent future misappropriation)(Id., Section 8 of the Agreement), and failure to provide information necessary to calculate the previous misappropriations (Id., Sections 5 of the Agreement). (D.E. 7, Counts I and IV, and Exhibit 1, thereto).

As set forth in the motion for preliminary injunction, in direct violation of the covenant not to compete, Eyal and Elite are soliciting Exotic Blooms flower product suppliers at least in Ecuador where they are prohibited from doing so. (D.E. 9). A preliminary injunction was sought because if timely relief is not granted for the Mother's day season, Exotic Blooms will be irreparably injured. (D.E. 9; Exhibit 1). Consequently, Exotic Blooms submits that an expedited evidentiary hearing on the motion for preliminary injunction is necessary.

Further, to prepare for the evidentiary hearing, Exotic Blooms requests that the Court grant limited expedited discovery on Eyal's and Elite's violations of the covenant not to compete.

*Motion for Order Expediting*
*Preliminary Injunction Hearing,*
*Discovery and Preserving Evidence*
*Case No. 12-20800-Civ.-Cooke/Turnoff*
*Page 7 of 18*

Separately, a preservation order and expedited discovery on the destruction of evidence are also necessary to protect evidence from being systematically destroyed.

On or about December 8 and 9, 2011, Yehuda Balva, David Amsalem (the Vice-President for Operations of Exotic Blooms), and Roni Hadar (the Comptroller of Exotic Blooms), visited the warehouse of FBD and Worldwide in Landover, Maryland. (Amsalem Declaration, Exhibit 4, ¶¶ 4 - 5). During that visit, a local employee of FBD and Worldwide indicated that furniture, equipment and documents belonging to FBD and Exotic Flowers had been removed or destroyed immediately before Yehuda, Amsalem's and Hadar's arrival at the Landover warehouse. (Exhibit 4, ¶ 5).

During the visit, Amsalem arranged for the downloading of surveillance video recordings at the warehouse. (Amsalem Declaration, ¶ 5). Because Valentine's Day is one of the two yearly peak seasons in the fresh cut flower business (the other one being Mother's Day), and until Elite and Eyal defaulted on the Valentine's Day payments due on February 15, 2012 that the surveillance video was analyzed. (Exhibit 1, ¶ 27)

A review of the video surveillance recordings revealed that during the period of November 28, 2011 to December 4, 2011, paper documents and financial records of FDB and Worldwide, along with furniture and equipment, were removed or discarded. (Amsalem Declaration, ¶¶ 6 - 7). In particular, there is footage of at least four pallets of documents that were discarded into a dumpster bin on November 29, 2011, and additional boxes loaded onto a Ryder truck on December 1, 2011. (Amsalem Declaration, ¶ 7). Attached to Amsalem's Declaration are selected screen captures of

the video surveillance footage taken by security cameras showing the removing or discarding of the documents. (Amsalem Declaration ¶ 7, Exhibit "A", thereto).[1]

The Agreement of December 27, 2011, requires, among other things for Eyal to provide Exotic Blooms a promissory note for the funds he embezzled from FBD and Worldwide. (Exhibit 1 [Exhibit "A", Agreement, Sections 3.g.iii and 5]). Because Eyal refused to disclose the amounts embezzled or provide the promissory note by January 20, 2012, as required under the Agreement, Exotic Blooms was forced to try to calculate the amounts that had been misappropriated. (Amsalem Declaration, Exhibit 4, ¶ 9). Further, as plaintiffs seek rescission in their complaint (D.E. 1, Count VII), the documents that have been destroyed or have gone missing, would be relevant to restoring Exotic Blooms to the *status quo ante,* an element that must be pled and shown to obtain rescission. *Billian v. Mobile Corp.,* 710 So. 2d 984, 991 (Fla. 4th DCA 1998).

When Eyal and the chief financial officer of FBD and Worldwide (Yousef Hassouneh) were once again requested on February 20, 2012 that they turn over the records, files and documents of FBD and Worldwide, the response was simply **that they "did not have any**." (Exhibit 1, ¶ 30; Exhibit 4, ¶ 13). No mention was made of the fact that the reason Eyal, Elite or Hassouneh did not have any documents is because the documents were intentionally destroyed or removed from FBD's warehouse. This, however, was not the only destruction of evidence found.

---

[1] These screen captures are only part of the downloaded surveillance videos which are being made available to the Court and opposing counsel.

Independent of the destruction or removal of paper documents, on January 15, 2012, Exotic Blooms' freight office received computers and network servers belonging to FBD and Worldwide.  (Amsalem Declaration, Exhibit 4, ¶¶ 8 - 9).  Conducting its litigation due diligence of preserving its electronic records for Exotic Blooms, FBD and Worldwide, these companies retained the services of Mr. Robert Moody, a computer forensics expert.  Mr. Moody inspected the hard drives and computer servers of FDB and Worldwide delivered on January 15, 2012 to Exotic Blooms from the Landover, Maryland warehouse.  (Moody Declaration, Exhibit 5).

Upon analysis of some of the computers, as the inspection continues, Moody discovered that on January 11, 2012, electronic data stored in those computers was deliberately destroyed.  (Moody Declaration; Exhibit 5, ¶ 11).  To accomplish this destruction, software specifically designed to over-write the file's location as to insure that the contents will be obliterated was used.  (Moody Declaration; ¶ 12).  Accordingly, Moody expressed an opinion that "the deletion of data in this manner is not only a conscious decision but a deliberate one as well."   (Moody Declaration; ¶ 13).  Consequently, there was intentional destruction of electronic records while the computers and network servers of FBD and Worldwide where in the possession and control of Eyal and Elite.

Because of the plaintiffs' blatant destruction of evidence, confirmed by the recorded video surveillance and the intentional elimination of evidence on the computers, the defendants respectfully request that the Court order the immediate preservation of all

Case 1:12-cv-20800-MGC   Document 10   Entered on FLSD Docket 03/21/2012   Page 10 of 18

*Motion for Order Expediting
Preliminary Injunction Hearing,
Discovery and Preserving Evidence*
Case No. 12-20800-Civ.-Cooke/Turnoff
Page *10* of *18*

evidence in this case. Furthermore, based on plaintiffs' apparent inclination towards disposing of evidence, defendants/counter-plaintiffs request that discovery be expedited before evidence disappears or is otherwise tampered with.

## II.  The Court Should Enter an Order Granting Expedited Discovery to Assist in the Expedited Hearing on Preliminary Injunction.

Federal Rule of Civil Procedure 26(d) provides that a party may not seek discovery prior to the Rule 26(f) conference, in part, unless authorized by court order. Counter-plaintiffs submit that limited discovery is reasonable and necessary under the instant circumstances.

Although the Federal Rules of Civil Procedure do not provide specific standards for evaluating expedited discovery motions, the Rules do provide the Court with the authority to direct expedited discovery in limited circumstances. *Dimension Data N. Am., v. Nestar-1, Inc.,* 226 F.R.D. 528, 530 (E.D.N.C. 2005)(denying expedited discovery because preliminary injunction motion had not been filed and discovery overbroad for preliminary injunction hearing). The appropriateness of expedited discovery has developed into two divergent approaches: (1) the *Notaro* test and (2) the reasonableness or good cause, test. *In re Fannie Mae Derivative Litig.,* 227 F.R.D. 142, 142 (D.D.C. 2005). In *Notaro v. Koch,* 95 F.R.D. 403 (S.D.N.Y. 1982), the Southern District of New York articulated the following stringent standard for expedited discovery: "courts should require the plaintiff to demonstrate (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the

Case 1:12-cv-20800-MGC   Document 10   Entered on FLSD Docket 03/21/2012   Page 11 of 18

*Motion for Order Expediting*
*Preliminary Injunction Hearing,*
*Discovery and Preserving Evidence*
*Case No. 12-20800-Civ.-Cooke/Turnoff*
*Page 11 of 18*

injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted." *Notaro,* 95 F.R.D. at 405.

More recent cases, however, have criticized the *Notaro* test in favor of a "reasonableness" test, particularly in cases were the expedited discovery is related to a motion for a preliminary injunction. *See, e.g., Dimension Data N. Am.,* 226 F.R.D. at 531; *Ayyash v. Bank Al-Madina,* 233 F.R.D. 325 (S.D.N.Y.2005); *Qwest Communic'ns Int'l, Inc. v. Worldquest Networks, Inc.,* 213 F.R.D. 418, 419-20 (D.Colo.2003).

Under the reasonableness test, courts have considered whether the discovery sought is reasonable in light of all the surrounding circumstances. *Dimension Data N. Am.,* 226 F.R.D. at 531. Factors commonly considered in determining the reasonableness of expedited discovery include, but are not limited to: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *In re Fannie Mae Derivative Litig.,* 227 F.R.D. at 143 (citing *Entm't Tech. Corp. v. Walt Disney Imagineering,* No. 03-3546, 2003 WL 22519440, at *3 - 5 (E.D.Pa. Oct.2, 2003)).

In the instant case, counter-plaintiffs' proposed requests to produce (Exhibit 3) are narrowly limited to retrieve documents directly related to the preliminary injunction motion; namely, counter-defendants' breaches of the covenants not to compete. Thus, for example, counter-plaintiffs seek the production of documents on counter-defendants'

Case 1:12-cv-20800-MGC   Document 10   Entered on FLSD Docket 03/21/2012   Page 12 of 18

*Motion for Order Expediting*
*Preliminary Injunction Hearing,*
*Discovery and Preserving Evidence*
*Case No. 12-20800-Civ.-Cooke/Turnoff*
*Page 12 of 18*

direct or indirect solicitation or use of suppliers of floral products within the restricted territories under the covenant not to compete as defined in the December 29, 2011 Agreement. (D.E. 7, Exhibit 1; thereto, Section 4; Exhibit 3). In addition to the documents sought Exotic Blooms seeks to take the deposition of the principal of Elite, Eyal Balva, and his CFO, Mr. Hassouneh, and will limit the depositions solely to the breaches of the covenant not to compete. [2] Also, counter-plaintiffs seek the taking of limited depositions duces tecum of local providers who may have information of the extent of Eyal Balva's and Elite's breaches of the covenant not to compete. [3]

Consequently, as there is a preliminary injunction hearing pending and the discovery sought is narrowly tailored to the claims, Exotic Blooms submits that the basis for expedited discovery is reasonable and should be granted.

### III. The Court Should Enter an Order Requiring the Preservation of Evidence to Prevent Further Destruction of Evidence.

As shown in the declarations of David Amselem and Robert Moody, the plaintiffs in this action have a tendency to intentionally destroy electronic and paper documents relevant to the case. For these reasons, to preserve discoverable evidence that will be crucial to the issues in this case, the Court should enter a preservation order, a violation of which will have the added remedy of contempt of court.

---

[2] If permitted by the Court, Plaintiff also intends to ask limited questions about the destruction and/or preservation of evidence while the computers and paper documents were under Eyal's management. This is being treated separately in the section IV, below.

[3]

Case 1:12-cv-20800-MGC   Document 10   Entered on FLSD Docket 03/21/2012   Page 13 of 18

*Motion for Order Expediting*
*Preliminary Injunction Hearing,*
*Discovery and Preserving Evidence*
*Case No. 12-20800-Civ.-Cooke/Turnoff*
*Page 13 of 18*

Here, funds misappropriated before the December 29, 2011 Agreement are one of the focal points of the instant litigation. The misappropriated funds are both a part of the Agreement, being the source of the "Repayment Amount" under the Agreement which Eyal and Elite have defaulted on (Agreement, Sections 3.g.iii and 5)(D.E. 5, Count I), but also because Eyal and Elite are seeking rescission of the Agreement. (D.E. 1, Count VII). Consequently, whether damages are to be determined for breach of the Agreement or Eyal seeks rescission by placing Exotic Blooms in their *status quo ante*, the documents of FBD and Worldwide destroyed under Eyal's management are relevant. Consequently, the premature destruction of any relevant documents pertaining to the issues in this litigation, (e.g., the misappropriated funds), would prejudice the defendants' ability to defend the claims against them and establish damages.

Courts have the inherent power to enforce compliance with their lawful orders through the power of contempt. *Young v. United States, ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 795 (1987); *Citronelle-Mobile Gathering, Inc., v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991). Because of the plaintiffs' propensity to destroy evidence, a preservation order by the Court, under the threat of contempt, would be an additional way to make sure that no further evidence is destroyed. Further, because plaintiffs have shown that they are capable of destruction of evidence, discovery should be expedited to preserve and protect what evidence remains and to determine the extent of plaintiffs' destruction of evidence.

Case 1:12-cv-20800-MGC   Document 10   Entered on FLSD Docket 03/21/2012   Page 14 of 18

*Motion for Order Expediting
Preliminary Injunction Hearing,
Discovery and Preserving Evidence
Case No. 12-20800-Civ.-Cooke/Turnoff*
Page *14* of 18

Without doubt, a party has a duty to preserve all evidence that it knows or should know is relevant to any present or future litigation. *Zubulake v. UBS Warburg, LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003). Indeed, the duty to preserve material evidence may arise before litigation begins, and exists independently of any contractual or statutory duty, or court order. *Zubulake v. UBS Warburg, LLC*, 229 F.R.D. 422 (S.D.N.Y. 2004) (*see also*; *Optowave Co., Ltd. v. Nikitin*, 2006 WL 3231422 (M.D.Fla. 2006). "Sanctions may be imposed against a litigant who is on notice that documents and information in its possession are relevant to litigation, or potential litigation, or are reasonably calculated to lead to the discovery of admissible evidence, and destroys such documents and information. While a litigant is under no duty to keep or retain every document in its possession once a complaint is filed, it is under a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery, and/or is the subject of a pending discovery request." *Preferred Care Partners Holding Corp. v. Humana, Inc.*, 2009 WL 982460 at *4 (S.D. Fla. 2009).

For all these reasons, not the least of which is the tendency of Eyal or Elite to destroy evidence, good cause exists for the entry of an order preserving evidence.

    **IV.**    **Expedited Discovery Should be Granted to Protect What Evidence Remains, to Determine the Extent of the Destruction of Evidence and to Assist Defendants/Counter-Plaintiffs in Determining the Amount of Misappropriations.**

Plaintiff's destruction of relevant documents places undue burdens on the defendants inasmuch as plaintiffs have eradicated most of the primary evidence even

Case 1:12-cv-20800-MGC   Document 10   Entered on FLSD Docket 03/21/2012   Page 15 of 18

*Motion for Order Expediting
Preliminary Injunction Hearing,
Discovery and Preserving Evidence
Case No. 12-20800-Civ.-Cooke/Turnoff
Page 15 of 18*

before discovery can take place.  To minimize the effects of plaintiffs' destruction of relevant documents, defendants/counter-plaintiffs submit that an order requiring expedited limited discovery on the evidence destroyed and the preservation of evidence would be appropriate.

As the Court well knows, absent a court order otherwise, the parties may not seek discovery before holding their scheduling conference and initial disclosures are provided in accordance.  Fed. R. Civ. P. 16(b), 26(a)(3), 26(d)(1) and 26(f).

Here plaintiffs make various allegations concerning the conduct of the defendants and, yet, have engaged in wholesale destruction of relevant and discoverable documents in apparent anticipation of litigation, even before a scheduling conference is held and disclosures are made.  The Court should thus order that plaintiffs provide the discovery requested (Exhibit 3, document designation 7) and submit to depositions on the destruction of evidence, to prevent further destruction of evidence.

This request is consistent with the Court's discretion under Rule 26.  Fed. R. Civ. P. 26(d)(1).  "A party who seeks to conduct discovery prior to the Rule 26(f) conference must show good cause."  *GE Seaco Services, Ltd. v. Interline Connection, N.V.*, 2010 WL 1027408 at *1 (S.D.Fla. 2010).  Moreover, "[e]xpedited discovery should be granted when some unusual circumstances or conditions exist that would likely prejudice the party if he were required to wait the normal time."  *Dell Inc. v. Belgium Domains, LLC*, 2007 WL 6862341 at *6 (S.D. Fla. 2007).

Case 1:12-cv-20800-MGC   Document 10   Entered on FLSD Docket 03/21/2012   Page 16 of 18

*Motion for Order Expediting
Preliminary Injunction Hearing,
Discovery and Preserving Evidence
Case No. 12-20800-Civ.-Cooke/Turnoff
Page 16 of 18*

In addition, Rule 26(d)(1) requires that the court broadly consider "the interests of justice" echoing the mandate of Rule 1, which requires that the Federal Rules "be construed and administered to serve the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

"Courts have recognized the possibility of evidence being destroyed with the passage of time as a factor which may show good cause for granting discovery." *Psychopathic Records, Inc. v. Anderson,* 2008 WL 4852915, at *2 (D. Mich. 2008) (citing *Qwest Communications Intern., Inc., v. World Quest Networks, Inc.* 213 F.R.D. at 418, 419 (D.Colo.2003). When it is unclear that the necessary evidence will be preserved "for an indefinite period of time or even any known amount of time" expedited discovery should be granted. *Id.*

Here "good cause" for expedited discovery is facially apparent. Plaintiffs have apparently destroyed documents which may help the defendants disprove the allegations of the complaint (D.E. 1) and prove the allegations in the counterclaim (D.E. 7). Moreover, the circumstances and conditions presented in the instant case warrant expedited discovery because the defendants would be severely prejudiced if they were to "wait the normal time." On the contrary, the plaintiffs would not be prejudiced as much as the defendants by the Court expediting discovery. Lastly, based on the past conduct of the plaintiffs, there is no way to ensure that additional evidence will not be destroyed, thereby prejudicing the defendants even more. In the abundance of caution, and to

Case 1:12-cv-20800-MGC   Document 10   Entered on FLSD Docket 03/21/2012   Page 17 of 18

*Motion for Order Expediting*
*Preliminary Injunction Hearing,*
*Discovery and Preserving Evidence*
*Case No. 12-20800-Civ.-Cooke/Turnoff*
Page *17* of *18*

protect the defendant's right to potentially exculpatory evidence, the Court should expedite discovery.

For the foregoing reasons, the defendants respectfully request that the Court enter an order setting the evidentiary hearing on the motion for preliminary injunction, preserving evidence and requiring that discovery be expedited.

### Certificate of Good Faith Conference

I hereby certify that in accordance with S.D. Fla. L.R. 7.1, counsel for movant has conferred with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised in the motion but has been unable to do so.

Respectfully submitted,

**WNF LAW, P.L.**
**Waserstein Nuñez & Foodman**
201 South Biscayne Boulevard
34th Floor, Miami Center
Miami, Florida 33131
Telephone: (305) 760-8500
Facsimile: (305) 760-8510

By:   /s/ Luis S. Konski
       Luis S. Konski
       Florida Bar No. 207837
       lsk@wnflaw.com
       Dennis J. Wouters
       Florida Bar No. 28692
       djw@wnflaw.com

*Motion for Order Expediting*
*Preliminary Injunction Hearing,*
*Discovery and Preserving Evidence*
*Case No. 12-20800-Civ.-Cooke/Turnoff*
*Page **18** of **18***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed by CM/ECF with the Clerk of Court and on all parties this 21th day of March 2012.

      /s/ Luis S. Konski
      Luis S. Konski